UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE CHILDRESS, Jr.,

    Plaintiff,

v.

    CASE NO. 2:11-CV-12944
    HONORABLE PAUL D. BORMAN
    UNITED STATES DISTRICT JUDGE

JOHN MORGAN RAY, et. al.

    Defendants,
_____/

## OPINION AND ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g)

**I. INTRODUCTION**

This matter is before the Court on Plaintiff Robert Lee Childress, Jr.'s *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 395 (1971). Plaintiff has filed an application to proceed without prepayment of fees and affidavit. Plaintiff is a state prisoner who is currently incarcerated at the Mound Correctional Facility in Detroit, Michigan. Upon review of plaintiff's case and his litigation history in the federal courts, this Court concludes that his civil rights complaint must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

**II. DISCUSSION**

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 ...." *See also Owens v. Keeling,* 461 F. 3d 763, 773 (6th Cir. 2006). Plaintiff failed to provide the $350.00 filing fee when he filed his complaint.

1

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F. 3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

A search of federal court records indicates that plaintiff has five prior civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Childress v. Hertz Corporation, et. al.*, U.S.D.C. No. 2:10-CV-14587 (E.D. Mich. March 9, 2011)(Battani, J.); *Childress v. Federal Bureau of Prisons, et. al.,* U.S.D.C. No. 2:10-CV-14708 (E.D. Mich. December 10, 2010)(Murphy, J.); *Childress v. Woods, et. al.,* U.S.D.C. No. 2:10-CV-14711 (E.D.Mich. June 29, 2011)(Borman, J.); *Childress v. Caruso, et. al.,* U.S.D.C. No. 4:10-CV-14725 (E.D.Mich. December 10, 2010)(Goldsmith, J.); *Childress v. Cole, et. al.,* U.S.D.C. No. 2:10-CV-14821 (E.D.Mich. January 19, 2011)(Rosen, C.J.).

Under the Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L.No. 104-134, 110 Stat. 1321 (April 26, 1996), a federal court may dismiss a case if, on 3 or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See*, 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997). The three strikes provision of the PLRA prohibits a prisoner, who has had

three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003). The three strike provision contained within § 1915(g) applies to *Bivens* actions, as well as civil rights complaints brought pursuant to 42 U.S.C. § 1983. *See e.g. Brown v. Mills,* 639 F. 3d 733, 734 (6th Cir. 2011).

Plaintiff has raised a number of objections to the order to show cause. Plaintiff initially contends that his complaint should not be dismissed, because his claims are meritorious. A federal court's determination under 28 U.S.C. § 1915(g) "is not a vehicle for determining the merits of a claim." *Ciarpaglini v. Saini*, 352 F. 3d 328, 331 (7th Cir. 2003). The merits of plaintiff's § 1983 claims are irrelevant to a determination of whether the "three strikes" provision contained in Section 1915(g) bars him from proceeding *in forma pauperis* before this Court. *See Bishop v. Sgt. Dischner,* 16 F. App'x. 891, 894 (10th Cir. 2001). "[T]he "three strikes" provision is a filing prerequisite and must be applied whenever it is deemed appropriate under the express terms of the statute, regardless of whether the underlying claims may be meritorious." *Id.* Because the "three strikes" provision contained in Section 1915(g) bars plaintiff from proceeding *in forma pauperis*, this Court cannot address the merits of plaintiff's complaint. *See Butler v. United States,* 53 F. App'x. 748, 749 (6th Cir. 2002).

Plaintiff next argues that some of his prior civil actions should not have been dismissed for being frivolous, malicious, or for failing to state a claim, because plaintiff was not given an opportunity to amend the complaint before dismissal in one case, he filed the complaint one month too late in a second case, and he filed his complaint prematurely in two other cases.

Although plaintiff contends that some of these prior dismissals were improper, "he may

3

not relitigate his closed cases at this late date, for purposes of avoiding the provisions of § 1915(g)." *Kinard v. Booker*, No. 09-cv-14759, 2010 WL 522773, at *2 (E.D. Mich. February 8, 2010)(citing *Crawford v. Pearson*, No. 03-7065, 2003 WL 21767532, at *1 (D.C. Cir. July 16, 2003)). "There is no caselaw 'that requires a district court to revisit the merits of a prior dismissal where the only question before the Court is whether the dismissal, on the grounds stated, is a qualifying dismissal under § 1915(g).'" *Id.* (quoting *Brown v. Gallegos*, No. 05-04226, 2008 WL 782533, at *1 (N.D. Cal. March 24, 2008)).

Finally, plaintiff has not alleged any facts which would establish that he is in imminent danger of serious physical injury, and thus, he does not come within the exception to the mandate of 28 U.S.C.§ 1915(g), which prohibits him from proceeding *in forma pauperis* in light of his five prior frivolity dismissals. *Mulazim v. Michigan Dept. of Corrections,* 28 F. App'x. 470, 472 (6th Cir. 2002).

Plaintiff's civil rights complaint is therefore subject to dismissal pursuant to § 1915(g). Plaintiff may, however, resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke,* 966 F. Supp. at 540.

Since plaintiff has had five prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, 1915(g) bars him from appealing *in forma pauperis. See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-06 (W.D. Tenn. 1999). The Court therefore refuses to certify that any appeal from this dismissal would be in good faith.

**III. CONCLUSION**

IT IS HEREBY **ORDERED** that Plaintiff Robert Lee Childress Jr.'s *in forma pauperis* status is **DENIED** and the complaint [dkt # 1] is **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

IT IS FURTHER **ORDERED** AND CERTIFIED that any appeal taken by Plaintiff would not be done in good faith.

**SO ORDERED.**

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: August 15, 2011

CERTIFICATE OF SERVICE

Copies of this Order were served upon the attorneys of record by electronic means and **Robert Childress** 365065; MOUND CORRECTIONAL FACILITY; 17601 MOUND ROAD; DETROIT, MI 48212 by U.S. Mail on August 15, 2011.

S/Denise Goodine
Case Manager